**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50298 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02681-LAB-1 |
| v. | |
| KENNETH RHUL STANFORD, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before:  REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Kenneth Rhul Stanford, Jr., appeals his convictions for one count of

importation into the United States of methamphetamine and one count of

importation of heroin, in violation of 21 U.S.C. §§ 952 and 960. For the reasons set

forth below, we affirm the judgment of the district court.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      Stanford first argues that the government's search of his cell phone in September 2015 violated the Fourth Amendment and therefore required exclusion of the cell-phone evidence at trial. However, in December 2015, the government obtained a warrant to search the phone, and only information obtained pursuant to searches under that warrant was adduced at trial. Stanford does not argue, and there is no indication in the record, that the December phone search was prompted by information obtained during the September search. We need not reach the question whether the initial search was unlawful. Because all evidence at trial was acquired "independently from activities untainted by [any] initial illegality," the district court did not err in admitting the cell phone evidence notwithstanding any asserted Fourth Amendment violation. *See Murray v. United States*, 487 U.S. 533, 537 (1988).

2.      Because Stanford did not raise below a claim that the government failed to preserve potentially exculpatory evidence in violation of his due process right, our review on appeal is for plain error. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011). The district court did not plainly err in neither dismissing the indictment nor excluding the cell-phone evidence due to the government's shortcomings in its preservation of the phone. There is no evidence that the government knew that data on the cell phone was potentially useful to

Stanford or that it otherwise acted in bad faith by failing to ensure that the data remained unchanged throughout the litigation. *See United States v. Zaragoza-Moreira*, 780 F.3d 971, 982 (9th Cir. 2015). Moreover, there is no reason to believe that any evidence was in fact lost or destroyed. Under the circumstances, the district court did not plainly err in continuing to hear the case and in allowing admission of the phone evidence.

3.      The admission of the cell phone evidence also withstands Stanford's challenge on evidentiary authentication grounds. Because the district court ruled on authentication solely as to the Facebook post, our review of the remaining cell-phone evidence is for plain error. The district court did not plainly err in admitting the phone evidence as an accurate representation of the phone as it existed in December. The government met its burden for authentication regarding the Facebook evidence, because it provided sufficient evidence to "establish a connection between the proffered evidence and the defendant" and to permit "a reasonable juror [to] find in favor of authenticity." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (internal quotation marks omitted).

4.      Stanford's argument that remand for an evidentiary hearing is necessary fails because defense counsel below solely sought a *Daubert* hearing.

**AFFIRMED.**